## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No. _____**

ARGELIO ALFONSO, an individual,

     Plaintiff,

vs.

INTRADECO APPAREL, INC.,
a Florida Profit Corporation,

     Defendant.

_____/

## PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff, ARGELIO ALFONSO, sues Defendant, INTRADECO APPAREL, INC. and shows:

### Introduction

1.     This is a disability discrimination and retaliation action brought pursuant to Title I of the Americans with Disabilities Act ("ADA"), as amended, the Florida Civil Rights Act, §§ 760.01, et seq., Fla. Stat. ("FCRA"), and Florida Statutes § 440.205, by ARGELIO ALFONSO (hereinafter "ALFONSO" or "Plaintiff"), a disabled handyman who was employed by INTRADECO APPAREL, INC. (hereinafter "INTRADECO" or "Defendant"). INTRADECO terminated ALFONSO's employment because of his disability/handicap and medical condition, a 4% permanent impairment rating of his lower extremities and related limitations as a result of an on-the-job injury while working for Defendant, for exercising his rights to seek medical treatment under Workers' Compensation Law, and because he requested reasonable accommodations.

Plaintiff seeks all legal and equitable relief available under the ADA, FCRA, Florida Statutes §
440.205, costs, and reasonable attorney's fees.

### Jurisdiction, Parties, Venue

2.      This court has federal question jurisdiction pursuant 28 U.S.C. §1331. The Court
has jurisdiction to grant declaratory and further relief pursuant to 28 U.S.C. §§ 2201 and 2202.
The court has supplemental jurisdiction to determine the state claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)
because: (1) the claim arose in Miami-Dade County, Florida; and (2) the Defendant's principal
place of business is located in Miami-Dade County, Florida.

4.      At all material times, Plaintiff was protected by ADA and the FCRA because he (1)
is disabled; (2) requested reasonable accommodations after receiving months of medical treatment;
and (3) was ultimately denied his request for reasonable accommodations, told he was a liability
to Defendant, and terminated because of his disability/handicap and medical condition. He was at
all material times an "employee" as contemplated by federal and state law.

5.      INTRADECO is a Florida Profit Corporation located in Miami-Dade County,
Florida and is an apparel wholesale manufacturer with a warehouse in Medley, Florida.

6.      At all material times, INTRADECO was Plaintiff's "employer" as contemplated by
the ADA and the FCRA.

### Satisfaction of Conditions Precedent

7.      ALFONSO, on or about September 16, 2021, filed a Charge of Discrimination with
the Equal Employment Opportunity Commission, which assigned it the Case Number 510-2021-
06678, which filing also perfected Plaintiff's rights under the Florida Civil Rights Act.

8.      The EEOC issued a Notice of Right to Sue dated April 12, 2022, within 90 days of receipt of which ALFONSO has filed this action. A copy of the Notice of Right to Sue is attached hereto as Exhibit "A."

9.      The Florida Commission on Human Relations has not issued a finding on ALFONSO's charge within 180 days of the filing of said charge.

10.      Accordingly, ALFONSO has exhausted all required administrative remedies, entitling him to maintain a civil action.

11.      All other conditions precedent to the filing of this action have been performed or waived.

## General Allegations

12.      ALFONSO began his employment as a handyman for INTRADECO through a temporary employment agency, Employee Solution Services, Inc., in March 2018.

13.      In January of 2019, ALFONSO was directly hired by INTRADECO to continue his services as a handyman.

14.      ALFONSO's job duties included repairing and changing doorknobs and locks, building chairs, refilling machinery with water, touching up paint on walls, changing air conditioning filters, loading and unloading containers using a forklift, repairing machinery and forklifts, filling propane gas tanks, and other various tasks as needed.

15.      Plaintiff's typical work schedule consisted of an eight-hour workday, with a half hour meal break and a 15-minute break, earning $15.50/hour.

16.      ALFONSO continued his employment with INTRADECO until March 11, 2021, when he was wrongfully terminated.

17.      On September 21, 2020, ALFONSO sustained injuries from a slip and fall accident while at work.

18.      Defendant's worker's compensation doctor examined ALFONSO on September 22, 2020 and diagnosed him with a contusion and abrasion of the left knee and strain of the right thigh. At that time, ALFONSO was placed on light duty and prescribed pain medication.

19.      Additionally, as a result of the on-the-job injury, ALFONSO required physical therapy which Plaintiff did as prescribed by his doctor.

20.      On October 27, 2020, Plaintiff was referred to a worker's compensation orthopedic surgeon, who ultimately cleared Plaintiff for a return to work on February 24, 2021, with restrictions.

21.      Plaintiff's return to work restrictions limited his ability to walk and stand for long periods of time, specifically no more than six hours a day and no climbing, with his right lower extremity. This condition is a disability as defined by the ADA, as amended and the FCRA because it substantially impairs ALFONSO's major life activities.

22.      When ALFONSO was cleared to return to work with restrictions in late February, 2021, ALFONSO informed Defendant's Human Resource Generalist, Jessica Castillo of the clearance, reasonable accommodations and requested to be allowed to return to work.

23.      Ms. Castillo advised Defendant had a copy of the clearance, as they had maintained communication with ALFONSO's doctors but was unable to provide Plaintiff a return date at that time.

24.      Despite ALFONSO's continued attempts to obtain a return-to-work date from Defendant in the weeks that followed, Plaintiff was never provided one.

25.     On March 11, 2021, Ms. Castillo and Josie Gonzalez, Defendant's Vice President of Human Resources, informed ALFONSO that INTRADECO could not accommodate Plaintiff as it was Defendant's belief that ALFONSO was incapable of performing his essential duties based upon the job description they had reviewed, and there was no other position available for him.

26.     ALFONSO objected and complained to Ms. Castillo and Ms. Gonzalez, stating that he was clearly capable of performing his essential duties and that the accommodations requested solely required that INTRADECO allow Plaintiff to continue sitting while performing some of his duties, and allow the continued use of machinery to grease and repair the manufacturing machinery and reach anything else necessary.

27.     INTRADECO denied ALFONSO's request, stating that Plaintiff was now a liability, and terminated his employment effective March 11, 2021, without prior notice or warning.

28.     INTRADECO was capable of either providing an accommodation for Plaintiff's disability/handicap and medical condition wherein Plaintiff could continue his role as a handyman, or transfer Plaintiff to another position. However, Defendant chose not to take any remedial action and instead subjected ALFONSO to discrimination and disparate treatment because Plaintiff was "now a liability."

29.     ALFONSO's disability/handicap and medical condition, and/or request for reasonable accommodations, and/or Plaintiff exercising his right to workers compensation benefits were a motivating factor in INTRADECO's decision to terminate Plaintiff's employment.

30.     The reasons proffered by INTRADECO in March 2021 for terminating ALFONSO's employment were false and known to be false by Defendant at the time of Plaintiff's

termination and instead were a pretext for disability/handicap discrimination and retaliation against ALFONSO in violation of the ADA, FCRA and Worker's Compensation Law.

<u>**Count I – ADA Discrimination**</u>

31.     ALFONSO realleges and incorporates the matters set forth in paragraphs 1 through 30 as if fully set forth in Count I herein.

32.     INTRADECO's treatment of ALFONSO, including his employment termination, was motivated by Plaintiff's disability and thus, violated Plaintiff's rights under the ADA, as amended.

33.     ALFONSO was disabled as a result of an on-the-job injury while employed by INTRADECO resulting in injuries to his lower extremities which restricted his ability to walk, stand and climb.

34.     ALFONSO, however, was at all times qualified to perform the essential functions of his job as a handyman with or without reasonable accommodation.

35.     ALFONSO's disability was a substantial or motivating factor in Plaintiff's disparate treatment, including but not limited to, Plaintiff's termination.

36.     The actions of Defendant affected ALFONSO in the "compensation, terms, conditions and privileges of employment" as envisioned by Title I of the ADA, thus violating the ADA.

37.     As a direct, natural, proximate and foreseeable result of INTRADECO's actions, ALFONSO has suffered lost wages and benefits, in the past and such losses will continue in the future, he has suffered emotional distress, inconvenience, embarrassment and other non-pecuniary damages and such damages will continue in the future.

38.     The disability discrimination that ALFONSO has suffered violates his federal and Florida statutory right to be free from such discrimination and constitutes irreparable harm for which there is no adequate remedy at law.

39.     ALFONSO is entitled to recover reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

WHEREFORE, Plaintiff, ARGELIO ALFONSO, prays that this Court will:

a.  Issue a declaratory judgment that the discrimination against ALFONSO by INTRADECO was a violation of his rights under the ADA;

b.  Make ALFONSO whole through back pay and benefits, reinstatement or, if that is not feasible as a make-whole remedy, to award ALFONSO front pay;

c.  Grant ALFONSO judgment against INTRADECO for damages for the violations of the ADA, as amended;

d.  Grant ALFONSO his reasonable attorney's fees and litigation expenses against INTRADECO; and

e.  Provide such other and further relief as is just.

## Count II - FCRA Disability Discrimination

40.     ALFONSO realleges and incorporates the matters set forth in paragraphs 1 through 30 as if fully set forth in Count II herein.

41.     INTRADECO's treatment of ALFONSO, including Defendant's wrongfully denying Plaintiff's reasonable accommodation and termination his employment, was motivated by Plaintiff's disability/handicap and limitations and thus, violated Plaintiff's rights under the FCRA.

42.     ALFONSO's disability was a substantial or motivating factor in Plaintiff's disparate treatment.

43. INTRADECO's alleged reasons for ALFONSO's treatment were pretext for disability/handicap discrimination and retaliation against ALFONSO in violation of the FCRA.

44. The actions of Defendant affected ALFONSO in the "compensation, terms, conditions and privileges of employment" as envisioned by § 760.10(1), Fla. Stat., thus violating the FCRA.

45. As a direct, natural, proximate and foreseeable result of INTRADECO's actions, ALFONSO has suffered lost wages and benefits, in the past and such losses will continue in the future, he has suffered emotional distress, inconvenience, embarrassment and other non-pecuniary damages and such damages will continue in the future.

46. The disability discrimination that ALFONSO has suffered violates his federal and Florida statutory right to be free from such discrimination and constitutes irreparable harm for which there is no adequate remedy at law.

47. ALFONSO is entitled to recover reasonable attorney's fees and litigation expenses pursuant to § 760.11(5), Fla. Stat.

WHEREFORE, Plaintiff, ARGELIO ALFONSO, prays that this Court will:

a. Issue a declaratory judgment that the discrimination against ALFONSO by INTRADECO was a violation of his rights under the FCRA;

b. Make ALFONSO whole through back pay and benefits, reinstatement or, if that is not feasible as a make-whole remedy, to award ALFONSO front pay;

c. Grant ALFONSO judgment against INTRADECO for damages for the violations of the FCRA;

d. Grant ALFONSO his reasonable attorney's fees and litigation expenses against INTRADECO; and

    e.   Provide such other and further relief as is just.

### Count III – Violation of Americans with Disabilities Act – Retaliation

48.    ALFONSO realleges and incorporates the matters set forth in paragraphs 1 through 30 as if fully set forth in Count III herein.

49.    Defendant was motivated in its unequal treatment of ALFONSO because he requested a reasonable accommodation for his disability as allowed under the Americans with Disabilities Act.

50.    ALFONSO was terminated because of his request for a reasonable accommodation for his disability.

51.    Defendant, through the actions of their agents, affected ALFONSO in the "compensation, terms, conditions and privileges of employment" as envisioned by the Americans with Disabilities Act.

52.    Defendant's actions were intentional or were taken with reckless disregard of ALFONSO's rights under the Americans with Disabilities Act.

WHEREFORE, Plaintiff, ARGELIO ALFONSO, prays that this Court will:

a.    Issue a declaratory judgment that the retaliation against ALFONSO by INTRADECO was a violation of his rights under the ADA;

b.    Make ALFONSO whole through back pay and benefits, reinstatement or, if that is not feasible as a make-whole remedy, to award ALFONSO front pay;

c.    Grant ALFONSO judgment against INTRADECO for damages for the violations of the ADA;

d.    Grant ALFONSO his reasonable attorney's fees and litigation expenses against INTRADECO; and

e.   Provide such other and further relief as is just.

### Count IV – Violation of Florida Civil Rights Act – Retaliation

53.     ALFONSO realleges and incorporates the matters set forth in paragraphs 1 through 30 as if fully set forth in Count IV herein.

54.     ALFONSO requested reasonable accommodations upon being cleared to return to work with restrictions.

55.     ALFONSO's requests were protected activity under the FCRA.

56.     Defendant was motivated in its unequal treatment of ALFONSO because he requested a reasonable accommodation for his disability/handicap as allowed under the Fla. Stat. § 760.10(1)(a).

57.     ALFONSO was terminated because of his request for a reasonable accommodation for his disability/handicap.

58.     INTRADECO's alleged reasons for terminating ALFONSO's employment are pretextual as described herein.

59.     Defendant, through the actions of their agents, affected ALFONSO in the "compensation, terms, conditions and privileges of employment" as envisioned by Fla. Stat. § 760.10(1)(a).

60.     Defendant's actions were intentional or were taken with reckless disregard of ALFONSO's rights under the Florida Civil Rights Act.

WHEREFORE, Plaintiff, ARGELIO ALFONSO, prays that this Court will:

a.   Issue a declaratory judgment that the retaliation against ALFONSO by INTRADECO was a violation of his rights under the FCRA;

10

b.   Make ALFONSO whole through back pay and benefits, reinstatement or, if that is not feasible as a make-whole remedy, to award ALFONSO front pay;

c.   Grant ALFONSO judgment against INTRADECO for damages for the violations of the FCRA;

d.   Grant ALFONSO his reasonable attorney's fees and litigation expenses against INTRADECO; and

e.   Provide such other and further relief as is just.

### Count V – Violation of Florida Worker's Compensation Laws

61.   ALFONSO realleges and incorporates the matters set forth in paragraphs 1 through 30 as if fully set forth in Count V herein.

62.   ALFONSO brings this action under Florida Law prohibiting retaliation for filing a valid workers' compensation claim under Florida Statutes § 440.205.

63.   On or about September 21, 2020, ALFONSO suffered a work-related injury and sought workers' compensation benefits for medical treatment in accordance with the provisions of the Workers' Compensation Law.

64.   On March 11, 2021, INTRADECO terminated ALFONSO's employment without warning or notice.

65.   ALFONSO's claim for workers' compensation benefits was a motivating factor in INTRADECO's decision to terminate Plaintiff, in violation of Florida Statutes § 440.205, as evidenced by ALFONSO's record of performing his duties satisfactorily throughout his employment with Defendant.

66.   INTRADECO's purported reasons for ALFONSO's employment termination are false and pretextual, as described herein.

67.     ALFONSO, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his rights under Florida Statutes § 440.205. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, ALFONSO is also entitled to punitive damages from INTRADECO in a sum according to proof at trial.

WHEREFORE, Plaintiff, ARGELIO ALFONSO, prays that this Court will enter a judgment for:

a. Plaintiff's lost wages and/or benefits as a result of his termination;

b. Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

c. Interest on all monies owed;

d. Any other relief this Court deems proper.

**Demand for Jury Trial**

Plaintiff, ARGELIO ALFONSO, demands trial by jury on all issues so triable.

Dated: July 8, 2022

Respectfully submitted,

*/s/Hazel Solis Rojas*
Hazel Solis Rojas, Esquire
Florida Bar No. 91663
E-mail: hazel@solisrojaslaw.com
**LAW OFFICE OF HAZEL SOLIS ROJAS, P.A.**
3105 NW 107th Avenue, Suite 400
Doral, Florida 33172
Telephone: (305) 558-8402

James A. Peterson, Esq.
Florida Bar No. 645621

E-Mail: James@PetersonLegal.com
**PETERSON LEGAL P.A.**
401 East Las Olas Boulevard
Suite 130-550
Fort Lauderdale, Florida 33301
Telephone: (754) 444-8076

Attorneys for Plaintiff

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

# <u>DETERMINATION AND NOTICE OF RIGHTS</u>
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 04/12/2022

**To:** Mr. Argelio Alfonso
844 NW 127th Avenue
Coral Springs, FL 33071
Charge No: 510-2021-06678

EEOC Representative and email:    Erline Jocelyn
Investigator
erline.jocelyn@eeoc.gov

---

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 510-2021-06678.

On behalf of the Commission,

Digitally Signed By:Roberto Chavez
04/12/2022

---

Roberto Chavez
Acting Director

**Cc:**
Kenneth Knox
Fisher & Phillips LLP
kknox@fisherphillips.com

Hazel S Rojas
LAW OFFICE OF HAZEL SOLIS ROJAS, P.A.
hazel@solisrojaslaw.com


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 510-2021-06678 to the District Director at Roberto Chavez, 100 SE 2nd St Suite 1500

Miami, FL 33131.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

Enclosure with EEOC Notice of Closure and Rights (01/22)

You may request the charge file up to 90 days after receiving this Notice of Right to Sue.  After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

Enclosure with EEOC Notice of Closure and Rights (01/22)

**"Regarded as" coverage**

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.